UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Accident Insurance Company, Inc. ) | Case No.: 2:25-cv-00674-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PLAINTIFF'S DECLARATORY** |
| ) | **JUDGEMENT COMPLAINT** |
| Reavis-Comer Development, LLC, ) | **AGAINST DEFENDANT** |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

NOW COMES Plaintiff Accident Insurance Company, Inc. (hereafter "Plaintiff") complaining of the Defendant Reavis-Comer Development, LLC (hereafter "Defendant"), and alleges and states that:

Plaintiff files this Complaint pursuant to South Carolina Code Annotated §15-53-10, *et. seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.

## **PARTIES, JURISDICTION, & VENUE**

1. Plaintiff is registered to conduct business in the state of South Carolina and is domiciled in New Mexico.

2. Defendant is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and is located in Charleston County, South Carolina.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

4. Jurisdiction and venue are proper.

## **FACTUAL ALLEGATIONS**

5. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 4.

6. Defendant is a corporate entity located in Charleston County, South Carolina and provides its customers construction related services.

7. On November 29, 2013, Plaintiff issued a commercial general liability policy to Defendant, Policy #CPP 5000728 02, that was effective from November 29, 2013, through November 29, 2014 (hereafter the "Policy"). (See Exhibit A).

8. Upon information and belief, prior to May 2, 2014, Defendant entered a contractual relationship with Desiree C. Turner and Preston Lee Turner (the "Turners") to provide labor, services, and materials for the Turners' property located at 4493 Summy Street, North Charleston, SC 29405 (the "Property").

9. On May 2, 2014, the City of North Charleston issued a building permit for the labor, services and materials Defendant planned to provide at the Property.

10. Between May 2, 2014 and February 6, 2015, Defendant provided labor, services and materials at the Property.

11. On February 6, 2015, the City of North Charleston issued a certificate of occupancy for the Property.

12. Upon information and belief, disputes arose between Defendant and the Turners regarding the contracted work at the Property.

13. On December 8, 2023, the Turners filed a civil action against Defendant which is pending in the Court of Common Pleas for Charleston County, South Carolina, assigned civil action number 2023-CP-10-05964 (the "Defect Action").

14. To date, Plaintiff has provided Defendant with a defense in the Defect Action.

15. On April 22, 2024, Plaintiff served Defendant, via its registered agent (Craig Comer) with a Notice of Reservation of Rights with regard to the Policy and the Defect Action. A copy of which is attached hereto as Exhibit "B."

16. On January 28, 2025, Plaintiff served Defendant, via its registered agent (Craig Comer) with a Notice of Claim Denial with regard to the Policy and the Defect Action. A copy of which is attached hereto as Exhibit "C." Hereafter, the April 22, 2024 Notice of Reservation of Rights and the January 28, 2025 Notice of Claim Denial will collectively be referred to as "Plaintiff's Notices to Defendant."

17. As detailed in Plaintiff's Notices to Defendant, Plaintiff denies there is coverage for the claims in the Defect Action based on the following:

    a. the Policy was effective until November 29, 2014, which is prior to Defendant's completion of work on the Property. Given that any alleged covered "property damage" could have only occurred after Defendant completed work at the Property, which is February 6, 2015 and is after expiration of the Policy, then there was not an occurrence during the Policy period. Accordingly, there is no coverage.;

    b. Defendant failed to provide Plaintiff with timely notice of the Defect Action or claims therein;

    c. the claims asserted in the Defect Action include damage to Defendant's work for which there is no coverage pursuant to the Policy;

    d. Defendant failed to comply with the Contractors Special Condition of the Policy, specifically by failing to obtain from any independent contractors who worked at

      the Property, a written indemnity agreement and certificates of insurance naming Defendant as an additional insured;

  e. the claims asserted in the Defect Action include a claim for punitive damages for which there is no coverage pursuant to the Policy; and

  f. the claims asserted in the Defect Action include claims related to Defendant's acts and omissions as a construction manager, which is specifically excluded by the Policy.

18. This matter involves a declaratory judgment action to determine whether coverage exists pursuant to the Policy for the claims brought in the Defect Action.

19. Plaintiff brings this matter pursuant to the South Carolina Code Annotated § 15-53-10, *et. seq.* and involves an actual, justiciable controversy between the parties as described herein.

20. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that the Policy does not provide insurance coverage as it relates to the claims alleged in the Defect Action.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Action)

21. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 20.

22. Plaintiff alleges there is no coverage and no duty to defend pursuant to the Policy for the claims alleged in the Defect Action.

23. Plaintiff provided timely and written notice to Defendant. See Exhibits B and C.

24. This Court has authority to grant declaratory relief and judgment and to declare the rights and other relations of these interested parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and, since this Court is sitting in diversity, pursuant to the

South Carolina Uniform Declaratory Judgments Act, S. C. Code Ann. Section 15-53-10 *et seq.* and Section 15-53-40 relating specifically to construction of an insurance contract.

25. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth in the Defect Action.

WHEREFORE, Plaintiff prays that this Honorable Court issue an Order declaring there is no coverage pursuant to the Policy for the claims brought forth in the Defect Action, and for such other and further relief as this Honorable Court may deem just and proper.

*s/ Christopher C. Mingledorff*
Christopher C. Mingledorff
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034
MINGLEDORFF & PATTERSON, LLC
245 Seven Farms Drive, Suite 310, Box 13
Charleston, South Carolina 29492
(843) 471-1015 – Telephone
(843) 996-1403 – Facsimile
***Attorney for Plaintiff***

February 5, 2025
Charleston, South Carolina